McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment. Judgment for the plaintiff.
The Court was requested by defendant’s counsel to give the jury the following instruction, namely: “That if the deeds from Howard to Huffman were voluntary, and without consideration, and were, in 'point of fact delivered to Huffman, and, after such delivery, they were re-delivered by the latter to Howard, and such re-delivery was intended by the parties to re-vest the title in him, the effect thereof would he to divest Huffman of title, and re-vest the same in Howard.”
The Court refused, and stated the contrary of this proposition to be the law. This was obviously correct.
By the execution and delivery of the deeds in question, by Howard to Huffman, the former 'divested himself of the title, and the latter became, thereby, vested with an inchoate legal estate, before registration of 'the deeds.
By the mere act of returning the -deeds to the vendor, whatever may have been the intention, no title could re-vest in him; to effect this, a re-conveyance was indispensable.
It is well settled that even the destruction of a deed for land will not operate to re-vest the title in the grantor.
*564 / It is, perhaps, true, that the intentional surrender or cancellation of the deed, made expressly with a view to re-vest Ihe title in the grantor, might have the effect of a re-convey-jance ; but this would be upon the principle of estoppel. Tim I grantee having voluntarily destroyed or surrendered the deed, with the intention of defeating his own title, would be estopped from setting it up, or showing its contents by parol evidence. 4 Kent’s Com., 196, note b.
This specific instruction, however, was not asked for; nor would it have been pertinent, upon the proof in the record.
Judgment affirmed,